IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-50584
Conference Calendar
_____

CAROL JOHNENE MORRIS,

Plaintiff-Appellant,

versus

LINDA MOTEN, Warden; BONNIE RUCKER, Assistant
Warden; NFN MILLER, Major; PAT RILEY; SUSAN BAUER,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. W-99-CV-371
--------------------
October 17, 2000

Before SMITH, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Carol Johnene Morris, Texas prisoner #488243, moves for leave to proceed in forma pauperis (IFP) and challenges the district court's dismissal of her civil-rights action pursuant to 28 U.S.C. § 1915(g), which provides that prisoners who have had three or more civil actions dismissed as frivolous or for failure to state a claim may not proceed in IFP in any future civil actions or appeals unless they are "under imminent danger of serious physical injury." § 1915(g). Morris contends that she

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

made a showing in the district court that she was in imminent danger of serious physical injury by alleging that she had suffered emotional trauma, a back injury, and high blood pressure because of being transferred from one prison unit to another. She argues that the district court's motion imposing appellate fees pursuant to § 1915(b) is inconsistent with the bad-faith certification.

Morris does not challenge the district court's finding of three "strikes" for purposes of § 1915(g). She has abandoned any such contention for appeal. *In re Mun. Bond Reporting Antitrust Litig.*, 672 F.2d 436, 439 n.6 (5th Cir. 1982). Morris has not shown that the injuries she alleges she suffered have placed her in any imminent danger. Morris is barred by § 1915(g) from proceeding IFP in this court, and she has failed to demonstrate that the district court erred by certifying that her appeal was taken in bad faith.

Morris's contention that the § 1915(b) assessment order is inconsistent with the certification that her appeal was taken in bad faith lacks a factual basis -- that order was to take effect only upon Morris's challenge to the certification. Morris's motion for leave to proceed IFP therefore is denied and her appeal is dismissed. *Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

IFP DENIED. APPEAL DISMISSED.